UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| MAXIMIGO LUNA ORTEGA, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. CV414-095<br>CR413-120 |

## REPORT AND RECOMMENDATION

As explained in a prior order, the Court is once again confronted by a 28 U.S.C. § 2255 movant alleging that his lawyer failed to protect his right to a direct appeal. *Ortega v. United States*, CR413-120, doc. 58, 2014 WL 3012657 (S.D. Ga. July 2, 2014).[1] Ortega filed no appeal following his guilty plea to distributing a controlled substance and carrying a firearm during the commission of that drug offense. Doc. 34 (guilty plea entered Sept. 4, 2013); doc. 54 (judgment entered November 15, 2013). Some six months after the expiration of the time for taking an

---

[1] All record citations are to the criminal docket, CR413-120. Pinpoint citations are to the page number the electronic case filing system assigns automatically to the upper right hand corner of each page.

appeal, Ortega filed the instant § 2255 motion claiming both that his attorney "never explained to him . . . how to appeal or what an appeal [is] all about," and that his attorney ignored his specific directive that an appeal be filed. Doc. 58 at 16. In its response, the government represented that Ortega's trial counsel, Mr. Matthew Hube, was prepared to testify that he properly consulted with Ortega about an appeal on multiple occasions, that Ortega never expressed any interest in appealing his sentence, and that he never instructed counsel to file an appeal. Doc. 61 at 10-11; doc. 61-1 (first Hube aff.); doc. 64 at 3 (second Hube aff.). The government conceded that an evidentiary hearing was necessary to resolve this factual dispute.[2]

---

[2] This Court has developed a form designed to memorialize counsel's consultation with his client and reflect the client's wishes regarding an appeal. *See Guyton v. United States*, 2013 WL 1808761 at *2 (S.D. Ga. April 29, 2013) (noting that the Notice of Counsel's Post-Conviction Obligations requires that both counsel and client execute the form, thus preserving a record of defendant's instructions regarding an appeal). Apparently through some oversight, Mr. Hube neglected to use that form in this case. He readily concedes that an evidentiary hearing would have been unnecessary had he but used that form.

The Court has recently given new emphasis to that form and has cautioned counsel that the failure to utilize it following a conviction will result in these consequences: (1) counsel appointed under the Criminal Justice Act will not be paid for their services, and (2) counsel (whether retained or appointed) may be subject to sanctions, to include paying some or all of the expenses associated with conducting a § 2255 hearing that would have been unnecessary had the form been used.

At the evidentiary hearing Ortega, who does not speak English, testified through a translator that: (a) he had "nothing to do with" the preparation of his § 2255 motion, which was ghostwritten by another inmate who read only "a little bit" of the motion to him; (b) he disavowed all of his ineffective assistance of counsel claims contained within his § 2255 motion, conceding that "[i]t was not my intention to say that my lawyer was ineffective," that his "lawyer did what he was supposed to do," and that he was "happy with what he did;" and (c) Hube consulted with him "a couple of times" about a direct appeal but that he did not "push" for an appeal after counsel explained that the chance for prevailing "was low."

Ortega's testimony at the evidentiary hearing does not support the contentions made in his § 2255 motion "that he told counsel that he wanted to appeal" and "that counsel never explained to him . . . how to appeal or what an appeal [was] all about." Doc. 58 at 15, 16. Ortega conceded that Hube consulted with him multiple times about an appeal. When the Court inquired whether he ever asked his attorney to file an appeal, Ortega responded, "Not exactly . . . but we touched on the theme." Counsel appointed to represent him at the hearing then asked

3

whether he filed his § 2255 motion "because you believe [Hube] should have filed for an appeal," to which Ortega responded, "No, no. Simply, I meant to try to see if something could be done with my sentence." Ortega further testified that he did not "push" counsel to filed an appeal and conceded that "if I would have told him [to appeal], maybe he would have done it." In affidavits submitted in advance of the hearing, Hube stated positively that Ortega never directed him to file an appeal. Ortega bears the burden of proof on this matter, and given his equivocations, the Court finds on this record that Ortega never asked his attorney to file an appeal.

Ortega's testimony at the evidentiary hearing made it quite clear that he filed the instant § 2255 motion *not* to pursue an appeal, much less an ineffective assistance claim against Hube, but instead in the hope that "something could be done" to reduce his sentence. Ortega conceded that he did not fault counsel's performance in the case, was not dissatisfied with the calculation of his criminal history at the time of sentencing, and was simply "looking to reduce [his] sentence because everybody tries to have a sentence reduction."

Postconviction relief is available under § 2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Ortega has raised none of these grounds, and he has expressly abandoned all of the claims set forth in his § 2255 motion. It is apparent that he simply wants the sentencing judge to reduce his sentence. Discretion-based, sentence reduction motions, however, must travel on other remedies like 18 U.S.C. § 3582(c)(1)(B) or Fed. R. Crim. P. 35. Ortega may not use § 2255 to do the service of such a sentence-reduction motion. His § 2255 motion thus must be **DENIED**.[3]

**SO REPORTED AND RECOMMENDED** this  7th  day of August, 2014.

*signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Ortega has cost the taxpayers thousands of dollars on a patently frivolous § 2255 motion that he did not prepare, was unable to read, and never had translated. He nevertheless signed that motion "under penalty of perjury." Doc. 58 at 13. But at the evidentiary hearing, he disavowed the asserted claims that Hube failed to consult with him about an appeal or that counsel's performance was deficient in any way. Ortega is reminded that perjurious § 2255 declarants may be prosecuted. *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his § 2255 motion); *id.*, doc.. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).